UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**David ALVARADO-Palomino,**<br><br>Defendant | Magistrate Docket No.<br><br>**'08 MJ 1 4 2 4**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **May 4, 2008,** within the Southern District of California, defendant, **David ALVARADO-Palomino,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Terri L. Dimolios
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 6th DAY OF **MAY 2008.**

Louisa S. Porter
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
David ALVARADO-Palomino

## PROBABLE CAUSE STATEMENT

On May 4, 2008, at approximately 3:20 PM, Border Patrol Agent M. Stewart was performing line watch duties in an area known as "Whiskey 3," when Agent Stewart observed two individuals crossing the primary fence at an area known as "Memo Lane." Agent Stewart communicated via agency radio that he had visually identified two individuals crossing the primary fence in the Memo Lane area toward the "Two and a Half Lot." Agent Stewart noted that one of the individuals, later identified as the defendant **ALVARADO-Palomino, David**, was wearing a light blue shirt and a white headband. A camera operator at Remote Video Surveillance Systems (RVSS) picked up this individual in their camera and followed him as he traveled in an easterly direction towards "the Teardrop." Agent Stewart responded to the Teardrop in his service vehicle and identified the defendant entering a four door, red Infiniti G20 with California license plate. Agent Stewart also witnessed the defendant motioning for the second individual to stay away. At this time he was one car length away from the individual when he entered the red Infiniti.

At approximately 3:30 PM, Agent Stewart announced over the service radio that he was performing a vehicle stop on Camiones Way. Agent Stewart was directly behind the subject's vehicle when it stopped in traffic approximately ten yards south of Camino de la Plaza Road. Border Patrol Agent R. Gonzalez acted as a backup unit and parked his All Terrain Vehicle. Agent Stewart approached the front passenger door of the vehicle, and identified himself as a United States Border Patrol Agent and began to conduct an immigration inspection of the front seat passenger. The sole passenger was the individual who was wearing a light blue shirt and a white headband. Agent Gonzalez approached the driver's door and conducted an immigration inspection of the driver. The second individual who crossed into the Two and a Half Lot was later apprehended on Camiones Way. Each individual freely admitted to being a citizen and national of Mexico, none of whom were in possession of proper documents allowing them to enter or remain in the United States legally. At approximately 3:35 PM the individuals were arrested for suspicion of alien smuggling and transported to Imperial Beach Border Patrol Station for further processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on April 12, 2005** through **Calexico California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.